Filed 7/29/26  Bennett v. Sacramento County Public Defender's Office CA3
<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| AUSTIN BENNETT,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>SACRAMENTO COUNTY PUBLIC DEFENDER'S OFFICE et al.,<br>        Defendants and Respondents. | C102484<br><br>(Super. Ct. No. 23CV005471) |

As this court explained in a related appeal (*Bennett v. Jakubowski* (Mar. 9, 2026, C102483) [nonpub. opn.] (*Bennett*)), Austin Bennett was charged with misdemeanor battery based on allegations that he pushed a California state senator in August 2019.[1]  In March 2022, a court commissioner declared a doubt as to Bennett's mental competence to stand trial.  (*Ibid.*)  Bennett objected that a clinical psychologist's report was without legal or factual basis, but the trial court found Bennett mentally incompetent to stand trial based on the report and the testimony of witnesses at a competency hearing.  (*Ibid.*)  The criminal charges against Bennett were subsequently dismissed.

Bennett filed the instant civil action against defendants Sacramento County Public Defender's Office, individual public defenders Amanda Founi, Amanda Massimini, and

---

[1]  Bennett stated during oral argument in this appeal that he pushed Richard Pan.

1

Juan Contreras (collectively Public Defenders), the Superior Court of Sacramento County (Superior Court), and others. Among other things, the operative complaint alleged that the Public Defenders failed to challenge the competency hearing procedures, and it sought an order vacating the finding of incompetence. The Public Defenders and Superior Court filed demurrers asserting several grounds, including that the trial court lacked subject matter jurisdiction to adjudicate Bennett's claims.

The trial court sustained the demurrers without leave to amend, concluding that it lacked subject matter jurisdiction because a civil court could not exercise jurisdiction over criminal cases and decisions. The trial court added that "even if there was some level of jurisdiction as to a part" of plaintiff's case, those claims were barred by the doctrines of judicial and quasi-judicial immunity and the litigation privilege set forth in Civil Code section 47.

Bennett appeals from the order sustaining the demurrers.[2] In his opening brief he asserted that the trial court made "merits determinations" regarding immunity and privilege after determining that it lacked authority to adjudicate. Bennett argued "jurisdiction is a threshold question," the trial court's "binding merits determinations" were "entered without power," its determinations "exceeded the court's authority," and its order was "ultra vires and void." He claimed: "Jurisdiction is the foundation of judicial power. When it is absent, restraint is not optional, it is mandatory."

---

[2] Bennett's notice of appeal purports to appeal from a judgment of dismissal, but although there is a notice of entry of judgment or order, there is no signed judgment of dismissal. As we have done in a closely related case, *Bennett, supra*, C102483, we will deem the order sustaining the demurrers as incorporating a judgment of dismissal and will review the order. (See *Melton v. Boustred* (2010) 183 Cal.App.4th 521, 527, fn. 1 [while an order sustaining a demurrer without leave to amend is not appealable, an appellate court may treat the order as incorporating an appealable judgment of dismissal when the trial court has sustained a demurrer to all of the complaint's causes of action, since all that is left to make the order appealable is the formality of the entry of a dismissal order or judgment].)

According to Bennett, he asked "only that the judgment be reversed because it was entered without authority." He claimed oral argument in this court would assist "in addressing the threshold jurisdictional defect presented in this appeal … ." In his reply brief, he stated: "A court without jurisdiction may dismiss; it may not adjudicate. Those are distinct acts. The defect is not the dismissal itself, but the exercise of judicial power beyond jurisdiction."

We disagree that the trial court made merits determinations on causes of action over which it determined it lacked subject matter jurisdiction. Because Bennett appears to urge that the trial court lacked jurisdiction, and because he has not met his burden to show that the trial court erred or that there is a reasonable likelihood he could amend his complaint to state a cause of action, we will affirm the trial court's order sustaining defendants' demurrers without leave to amend, which we deem to incorporate a judgment of dismissal.

BACKGROUND

Bennett filed a complaint in the Superior Court of Sacramento County against the Public Defenders and others, and later filed an amended complaint--the operative complaint--that added the Superior Court as a named defendant. The complaint alleged as follows: During misdemeanor criminal proceedings against Bennett, a doubt was declared as to Bennett's competence to stand trial. The trial court suspended criminal proceedings and ordered an evaluation of Bennett's competence. A psychologist prepared and submitted to the trial court a report opining that Bennett lacked the requisite mental competence to stand trial. Bennett was never shown the report and was not given a competency trial. The prosecutor, defense attorney, and trial court agreed that Bennett was not competent to stand trial. Thereafter, the criminal charges against Bennett were dismissed. Bennett obtained a copy of the psychologist's report and determined it was fraudulent. The psychologist who wrote the report subsequently admitted she had confused Bennett with another patient.

3

The amended complaint asserted numerous causes of action.[3] It generally alleged that the Public Defenders failed to challenge the competency hearing procedures or provide Bennett with a copy of the psychologist's report, and deceived judicial officers by failing to challenge the report's validity. The amended complaint sought compensatory, special, and punitive damages, pre- and post-judgment interest, and an order vacating the finding of incompetence.

The Public Defenders and the Superior Court filed demurrers to the amended complaint, arguing in part that the amended complaint was subject to dismissal because the trial court lacked subject matter jurisdiction over Bennett's claims. The trial court sustained the demurrers without leave to amend, concluding that it lacked subject matter jurisdiction because a civil court could not exercise jurisdiction over criminal cases and decisions. The trial court added that "even if there was some level of jurisdiction as to a part" of plaintiff's case, those claims were barred by the doctrines of judicial and quasi-judicial immunity and the litigation privilege set forth in Civil Code section 47. The trial court denied leave to amend because it was not reasonable to expect that Bennett could allege additional facts to state a viable cause of action against defendants.

STANDARD OF REVIEW

A demurrer tests the legal sufficiency of the challenged pleading. (*Milligan v. Golden Gate Bridge Highway & Transportation Dist.* (2004) 120 Cal.App.4th 1, 5.)

---

[3] The causes of action included (1) legal malpractice, (2) intentional infliction of emotional distress, (3) negligent infliction of emotional distress, (4) abuse of process, (5) fraud and intentional deceit, (6) constructive fraud, (7) negligent misrepresentation, (8) defamation, (9) libel, (10) slander, (11) false light, (12) breach of fiduciary duty by attorney, (13) personal injury, (14) negligent undertaking, (15) negligent hiring, retention, and supervision, (16) public entity failure to discharge a mandatory duty, (17) public entity acts and omissions of employees, (18) gross negligence, (19) negligence, (20) loss of consortium, (21) intentional misrepresentation, (22) concealment, (23) conversion, and (24) violation of the Bane Act.

4

We independently evaluate the pleading, construing it liberally, giving it a reasonable interpretation, reading it as a whole and viewing its parts in context. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*); *Milligan*, at pp. 5-6.) We presume the truth of all properly pleaded allegations (*Heckart v. A-1 Self Storage, Inc*. (2018) 4 Cal.5th 749, 753), and we determine de novo whether the factual allegations of the challenged pleading are adequate to state a cause of action under any legal theory (*Milligan*, at p. 6).

The appellant bears the burden of demonstrating that the demurrer was sustained erroneously. (*Friends of Shingle Springs Interchange, Inc. v. County of El Dorado* (2011) 200 Cal.App.4th 1470, 1485 (*Friends of Shingle Springs Interchange, Inc*).) " 'The judgment must be affirmed "if any one of the several grounds of demurrer is well taken." ' " (*Genesis Environmental Services v. San Joaquin Valley Unified Air Pollution Control Dist.* (2003) 113 Cal.App.4th 597, 603 (*Genesis Environmental Services*).)

We review a trial court's decision to deny leave to amend for abuse of discretion. (*Blank, supra*, 39 Cal.3d at p. 318.) If the challenged pleading could be amended to state a cause of action, the trial court abused its discretion in denying leave to amend and we will reverse; if not, there has been no abuse of discretion and we will affirm. (*Ibid*.) "It is the plaintiff's burden on appeal to show in what manner it would be possible to amend a complaint to change the legal effect of the pleading; we otherwise presume the pleading has stated its allegations as favorably as possible." (*Fuller v. First Franklin Financial Corp.* (2013) 216 Cal.App.4th 955, 962, fn. omitted.) "To meet this burden, a plaintiff must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action. [Citations.] Absent such a showing, the appellate court cannot assess whether or not the trial court abused its discretion by denying leave to amend." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 890.)

5

DISCUSSION

Bennett contends the trial court erred in making merits determinations after it determined that it lacked jurisdiction.

For a court to consider a plaintiff's claims, it must have subject matter jurisdiction over those claims. (*Lefebvre v. Southern California Edison* (2016) 244 Cal.App.4th 143, 151.) " 'The principle of "subject matter jurisdiction" relates to the inherent authority of the court involved to deal with the case or matter before it.' [Citation.] Thus, in the absence of subject matter jurisdiction, a trial court has no power 'to hear or determine [the] case.' [Citation.] And any judgment or order rendered by a court lacking subject matter jurisdiction is 'void on its face … .' " (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196.) For this reason " 'an alleged lack of subject matter jurisdiction must be addressed whenever it comes to a court's attention.' [Citation.] Moreover, it ordinarily is addressed as a threshold matter, as its absence deprives the court of authority to adjudicate the merits of the dispute." (*Lefebvre*, at p. 152.) Lack of subject matter jurisdiction is an appropriate basis for sustaining a demurrer. (See, e.g., *Holiday Matinee, Inc. v. Rambus, Inc.* (2004) 118 Cal.App.4th 1413, 1427.)

Bennett argues the trial court should not have made merits determinations regarding immunity and privilege after determining that it lacked authority to adjudicate. But we disagree that the trial court made merits determinations on causes of action over which it determined it lacked subject matter jurisdiction. The trial court made a clear distinction, stating that "even if there was some level of jurisdiction as to a part" of plaintiff's case, those claims were barred by the doctrines of judicial and quasi-judicial immunity and the litigation privilege.

Bennett's apparent urging that the trial court lacked jurisdiction, and his failure to show that the trial court erred or that there is a reasonable likelihood he could amend his complaint to state a cause of action, are dispositive in this appeal. (See *Friends of Shingle Springs Interchange, Inc., supra*, 200 Cal.App.4th at p. 1485 [appellant bears the

6

burden of demonstrating error]; *In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error"]; *Genesis Environmental Services, supra*, 113 Cal.App.4th at p. 603 [judgment must be affirmed if any ground for demurrer is well-taken]; *Fuller, supra*, 216 Cal.App.4th at p. 962 [plaintiff must show how it would be possible to amend the complaint]; see also *Bennett, supra*, C102483 [no trial court error regarding determinations of immunity and privilege; no showing by Bennett of how the complaint could be amended].)

DISPOSITION

The order sustaining defendants' demurrers without leave to amend, which we deem to incorporate a judgment of dismissal, is affirmed.


/S/
MAURO, J.

We concur:



/S/
ROBIE, Acting P. J.



/S/
MESIWALA, J.